# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LEOPOLDO RAMIREZ ARELLANO, | ) | |
| | ) | **ORDER,** |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:10CV62 |
| | ) | 1:08CR301-1 |
| Respondent. | ) | |

Petitioner Leopoldo Ramirez Arellano, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 14).[1] Petitioner was indicted on one count of making a false statement in a passport application in violation of 18 U.S.C. § 1542, one count of using with intent to deceive a social security number while knowing that it was not assigned to him in violation of 42 U.S.C. § 408(a)(7)(B), one count of falsely representing that he was a citizen of the United States in order to obtain a passport in violation of 18 U.S.C. § 911, and one count of possessing and using the identification of another person during and in relation to the commission of felonies in violation of 18 U.S.C. § 1028A(a)(1) (docket no. 1). Petitioner later pled guilty to making a false statement in a passport application and using the identification of another person during and in relation to the commission of a felony (docket nos. 9, 10). The latter charge constituted aggravated

---

[1] This and all further cites to the record are to the criminal case.

identity theft under 18 U.S.C. § 1028A(a)(1). Petitioner was later sentenced to 4-months imprisonment on the false statement charge and a consecutive 24-months imprisonment for the aggravated identity theft (docket no. 11). Petitioner did not file a direct appeal, but he did later file his motion under Section 2255. Respondent has filed a response seeking to have the motion denied (docket no. 22), and the matter is now before the court for a decision.[2]

**DISCUSSION**

Petitioner raises a single claim for relief in his motion and supporting memorandum. He contends that his guilty plea is invalid as to the aggravated identity theft charge because he did not know that he was using the identification of an actual person. At the time of Petitioner's indictment and conviction, precedent from the Fourth Circuit Court of Appeals did not require that a defendant be aware that the identification he was using belonged to an actual person. *See United States v. Montejo*, 442 F.3d 213 (4th Cir. 2006). The United States Supreme Court's recent decision in *Flores-Figueroa v. United States*, ___ U.S. ___, 129 S. Ct. 1886 (2009) holds to the contrary, however. Respondent also agrees that the *Flores-Figueroa* decision is to be given retroactive application on collateral review and that Petitioner's claim can be heard via his Section 2255 motion.

---

[2] Petitioner has also filed a motion seeking a copy of another case involving aggravated identity theft in which the United States Attorney in this district conceded that a petitioner was entitled to relief (docket no. 20). As will be discussed, however, the United States is not making that concession in the present case. Therefore, the other case is not relevant to this one, and no copy is needed. The motion will be denied.

The proper framework for analyzing Petitioner's claim is set out in *Bousley v. United States*, 523 U.S. 614 (1998). There, a petitioner had pled guilty and had not challenged his guilty plea on appeal. A later decision by the United States Supreme Court narrowed the statute under which he was convicted so that he had been misadvised of the required elements during his guilty plea. The petitioner then sought to invalidate his guilty plea through a Section 2255 motion. The Supreme Court held that he was allowed to do so; however, because he did not attack his guilty plea on appeal, the claim was procedurally defaulted and the petitioner had to show that his claim should be heard despite the procedural default. *Id.* at 620-22. Petitioner, who did not file an appeal, is in the same position in the present case.

One way to excuse procedural fault is to show "cause" and "prejudice." *Id.* at 622. Where a claim was available to be raised on appeal but was not raised, however, a petitioner cannot show cause. Here, Petitioner could have filed an appeal and claimed that the aggravated identity theft conviction required a showing that he had knowledge that an actual person's identity was being used and that his guilty plea was invalid because he was not advised of this element. Granted, the claim would have failed at that time under *Montejo* . Still, this does not constitute "cause" for failing to pursue the point on appeal. *Id. at 622-23.* Petitioner cannot establish cause and prejudice.

The other way for Petitioner to have his claim reviewed despite his procedural default is for him to demonstrate actual innocence. Petitioner must demonstrate

"that, '"in light of all the evidence,"' 'it is more likely than not that no reasonable juror would have convicted him.'" *Id.* at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)). The term "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Furthermore, the evidence to be considered "is not limited to the existing record," but can include "any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy." *Id.* at 624.

Petitioner cannot meet this formidable standard. The identity that Petitioner used included a California birth certificate, social security number, family members' names and birth information, a high school diploma, and a report card for a deceased United States citizen (docket no. 34, attach). After Petitioner's arrest, he told the investigating agents that he had purchased the documents from a man in California who promised to provide him with "a true American identity." He paid the man $3,000 for the documents and information (docket no. 34, ¶ 13).[3] The breadth and detail of the documents purchased and their price, along with the statement that he was buying a "true American identity" clearly indicate that Petitioner sought to steal the identity of an actual person and that he knew he was doing so. Certainly,

---

[3] Petitioner has filed a motion seeking to have an affidavit from the government agent who arrested and interviewed him stricken from the record. The current affidavit is similar to an unsigned and unsworn document supplied by the government earlier in the case. After the court pointed out the problems with the prior document, the government remedied those problems by supplying the current affidavit. The court has reviewed that affidavit and finds it to be proper and admissible. Petitioner's motion to strike will be denied.

it cannot be said that no reasonable juror could find him guilty in light of this evidence. Petitioner cannot show his actual innocence and evade the procedural bar. His claim is procedurally barred and his Section 2255 motion should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for related case law (docket no. 20 ) and motion to strike (docket no. 35) are **DENIED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 14) be **DENIED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
September 2, 2010